# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MIRANDA FIELDING, an individual,**<br><br>Plaintiff,<br>vs.<br><br>**AMAZON.COM, INC. and DOES I-X,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:18-cv-00130-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Amazon.com, Inc.'s Motion to Dismiss Complaint with Prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] Because the court concludes that oral argument would not significantly aid in its determination of the motion, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

## BACKGROUND

In May 2017, Plaintiff Miranda Fielding ("Fielding") went hiking in Logan Canyon with a friend. After reaching their destination, Fielding and her friend set up a hammock to lie in. Fielding and her friend positioned the hammock near a cliff. While they were lying in the hammock, one of the support straps failed causing Fielding and her friend to fall approximately thirty feet down to the ground. As a result of the fall, Fielding suffered serious injuries including multiple spinal and ribcage fractures.

---

[1] In the caption of its motion, Amazon lists itself as "Amazon.com, LLC." However, in virtually every other document the parties have filed with the court, Amazon is listed as "Amazon.com, Inc." Accordingly, in order to remain consistent with the majority of the filings in this case, the court captions this case as "Amazon.com, Inc." While the court points out this discrepancy, it also notes that the parties have not addressed it nor does the "Inc." or "LLC" designation have any bearing on the case.

Because Fielding perceived the hammock to have been faulty, she filed the instant suit in Utah state court on October 1, 2018 and asserted several product liability claims alongside claims for negligence and breach of warranty. That same month, Amazon.com, Inc. ("Amazon") timely removed the case to this court. After Amazon answered Fielding's complaint, the court issued a Scheduling Order on December 11, 2018. Both parties timely served initial disclosures in December 2018, and Amazon supplemented its disclosure the following month. Since initial disclosures, however, Fielding has not engaged in any discovery and has failed to meet various deadlines. For example, the close of fact discovery occurred on August 14, 2019, but Fielding failed to serve any fact discovery. Similarly, Fielding was required to disclose experts by September 14, 2019, but she failed to do so.

Based on Fielding's inactivity and failure to engage in fact discovery, counsel for Amazon contacted counsel for Fielding on October 2, 2019 to see if Fielding's counsel would agree to dismiss the case with prejudice. Fielding's counsel replied that it did not intend to dismiss Fielding's case. Given Fielding's missed deadlines, Amazon determined that it would not agree to any type of extension. Accordingly, Amazon anticipated that Fielding's counsel would file a motion to extend the missed deadlines. To this date, however, Fielding's counsel has yet to file a motion for an extension.

**DISCUSSION**

Amazon now moves to dismiss Fielding's complaint with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41. "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (quoting *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993)); *see also Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) ("We have long held that dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort."). The Tenth Circuit has characterized the dismissal of a case with prejudice under Rule 41(b) as a "harsh[] remedy-the death penalty of pleading punishments." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). Moreover, "[i]t is '[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits [that] dismissal [is] an appropriate sanction." *Davis*, 571 F.3d at 1061 (alterations in original) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). When deciding whether to grant a defendant's Rule 41(b) motion to dismiss with prejudice for failure to prosecute, courts must consider the following non-exhaustive list of factors: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes*, 497 F.3d at 1143.

Courts may also grant a Rule 41(b) motion *without* prejudice. *See Davis*, 571 F.3d at 1060. In essence, "[e]mploying Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go at trimming the verbiage." *Nasious*, 492 F.3d at 1162. Notably, given that it constitutes a sanction of much less severity, "a district court need not follow 'any particular procedures' when dismissing an action without prejudice under Rule 41(b)." *Ecclesiastes*, 497 F.3d at 1144 n.10. Accordingly, a court is not required to consider the five factors above. *Id.*

3

In this case, Amazon seeks a dismissal with prejudice. In doing so, it alleges that each of the above five factors supports a dismissal with prejudice. Conversely, Fielding argues that, although she has failed to abide by the Scheduling Order, her conduct does not merit dismissal under Rule 41(b). She avers that the five factors weigh heavily in favor of non-dismissal. In particular, she claims that her counsel had intended to obtain extensions so as not to disregard the Scheduling Order. However, she claims that she recently learned that the employees that her counsel had charged with obtaining the proper extensions had misrepresented their conduct and never actually sought or secured an extension. As such, she argues that she has demonstrated good cause for failing to adhere to the Scheduling Order.

When considering the above five factors, the court is unpersuaded that the facts of this case merit a dismissal with prejudice. For the first factor, although Amazon claims that it has been prejudiced by Fielding's inaction, the court remains unconvinced. While it is true that with the passage of time, evidence gets stale and memories fade, such prejudice seems less likely in this case given that Fielding's claims are primarily strict product liability claims. With regard to the second factor, while Fielding has admittedly missed several deadlines and done very little to advance her case beyond filing a complaint and serving initial disclosures, the court does not find Fielding's conduct to be so flagrant and violative of the judicial process so as to warrant a dismissal with prejudice.

The purpose behind the third factor is ascertain "whether the lawyer or the client is at fault." *Davis*, 571 F.3d at 1061. "If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." *Id.* Here, the court is persuaded that the culpability lies more with Fielding's counsel than with her. This is especially true given that Fielding's counsel's

employees failed to obtain necessary extensions. In their representative capacity for Fielding, her counsel had a duty to oversee their employees and ensure that necessary documents were filed for Fielding's case. That her counsel failed to do so does not stand as a reason, at least, under the facts of this case, to ultimately dismiss her claims with prejudice and preclude her from raising her claims again. Accordingly, the third factor weighs against a dismissal with prejudice. As does the fourth factor. The court has never warned Fielding that her noncompliance with the discovery process would result in her claims being conclusively dismissed.

As to the fifth factor, the court is persuaded that a lesser sanction is more appropriate in this case. Bearing in mind the severity of a Rule 41(b) dismissal with prejudice and the Tenth Circuit's admonition to only enforce such a sanction as a last resort, the court finds that a dismissal *without* prejudice would be more fitting for this case. The court reaches this conclusion for two reasons. First, the court is wary of simply turning a blind eye when a party continues to miss deadlines and fails to meaningfully participate in the discovery process for nearly a year. If the court were to merely disregard such conduct, other litigants may be tempted to act in a similar manner without fear of any consequences. Indeed, without instituting any form of sanctions, there would be little to no deterrent for such conduct. Second, granting Amazon's motion without prejudice strikes the proper balance of deterring similar conduct without ultimately precluding Fielding from raising and litigating her claims if she so desires. As mentioned above, the judicial system has a "strong predisposition to resolve cases on their merits," *id.*, and dismissing Fielding's claims without prejudice reinforces that principle while reminding litigants that they must actively prosecute their claims. Therefore, the court concludes that the fifth factor weighs in favor of dismissing Fielding's claims, but without prejudice.

## CONCLUSION

Based on the foregoing reasoning, Amazon's Motion to Dismiss Complaint with Prejudice pursuant to Rule 41(b) is hereby GRANTED in part and DENIED in part. Amazon's motion is granted in that Fielding's complaint is dismissed. Amazon's motion is denied in that the dismissal is without prejudice.

Dated this 9th day of January, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge